UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

---

| | |
|---|---|
| EMG TECHNOLOGY, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:13-cv-143 |
| ) | |
| AUTOZONE, INC., ) | |
| ) | |
|     Defendant. ) | |

---

**MOTION OF DEFENDANT AUTOZONE INC. TO TRANSFER VENUE
TO THE WESTERN DISTRICT OF TENNESSEE**

---

Defendant, AutoZone, Inc. ("AutoZone"), respectfully submits this motion pursuant to 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the Western District of Tennessee. In support of this motion, AutoZone states as follows:

**INTRODUCTION**

AutoZone respectfully requests that this case be transferred to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). The Western District of Tennessee is the more convenient forum, and compelling reasons exist for transfer. AutoZone's Retail Support Center, referred to herein as its "headquarters," and all of its relevant employees and documents are located in Memphis, Tennessee. The Eastern District of Texas, in contrast, has no real connection to or interest in deciding the outcome of this case. Plaintiff, EMG Technology, LLC ("EMG"), is a California entity with no material ties to Texas. EMG's choice of venue is entitled to no deference, and the sources of likely proof all exist outside of Texas.

Unlike the Eastern District of Texas, the Western District of Tennessee has real and substantial connections to this case. The Western District of Tennessee is the center of the

relevant evidence in this action and is thus the more convenient venue.  The Western District of Tennessee also has a particularized interest in the outcome of this dispute, whereas this case has no unique local connection to the Eastern District of Texas.  In the interests of justice and convenience, this action should therefore be transferred to the Western District of Tennessee.

## BACKGROUND

EMG initiated this action by filing its Complaint for Patent Infringement (Doc. No. 1) on February 12, 2013, alleging infringement of United States Patent No. 7,441,196 (the "'196 Patent").  EMG's claims are directed to two websites identified in its description of AutoZone's business:  http://www.autozone.com (the "Main Site") and http://m.autozone.come/autozone-mobile/en/home.do (the "Mobile Site").  (First Amended Compl. (Doc. No. 15), ¶ 11.)

AutoZone is a Nevada corporation with its principal place of business in Memphis, Tennessee.  (Declaration of Vijay Srinivasan ("Srinivasan Decl."), **Exhibit A**, ¶ 2.)  AutoZone employs approximately 1,200 employees at its headquarters in Memphis.  (*Id.* ¶ 3.)  Both the Main Site and the Mobile Site are operated by AutoZone out of its headquarters in Memphis.  (*Id.* ¶ 4.)  In developing the Mobile Site, AutoZone employees in Memphis worked closely with a vendor, RealDecoy Inc., located in Ontario, Canada.  (*Id.* ¶ 5.)  Thus, all witnesses and documents relevant to the design and development of both Sites are located in Memphis or Canada, and all witnesses and documents relevant to the current operation of both Sites are located in Memphis.  No such witnesses or documents are in Texas.

EMG's connection with this District is non-existent.  EMG is a California entity with its principal place of business in California.  (Compl. ¶ 5.)  EMG's principals are in California.  (Declaration of Annie T. Christoff ("Christoff Decl."), **Exhibit B**, ¶¶ 3, 4 & Exhibits 1 and 2

thereto.) In addition, the inventors and assignees of the '196 Patent are all in California. ('196 Patent (Doc. No. 1-2).)

## LAW AND ARGUMENT

Transfer of this matter to the Western District of Tennessee is appropriate and warranted. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." Section 1404(a) provides district courts with discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "A motion to transfer venue should be granted upon a showing that the transferee venue 'is clearly more convenient' than the venue chosen by the plaintiff." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).

The preliminary question under Section 1404(a) is "whether a civil action might have been brought in the destination venue." *Volkswagen*, 545 F.3d at 312. Venue is proper in patent suits "in the judicial district where the defendant resides" or "has a regular and established place of business." 28 U.S.C. § 1400(b). AutoZone's principal place of business and headquarters is located in Memphis, Tennessee, which is within the Western District of Tennessee, and thus this action could have been brought in the Western District.

The inquiry then shifts to consideration of the convenience of the parties and witnesses and the interest of justice, based on certain private and public interest factors. *Volkswagen*, 545 F.3d at 315. The private interest factors include: "'(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the

cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive.'" *Volkswagen*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "'(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems with conflicts of laws or in the application of foreign law.'" *Id.* These private and public interest factors "are not necessarily exhaustive or exclusive," however, and none are "'of dispositive weight.'" *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). Each of the factors weighs in favor of transfer or is neutral in this case.

## I. The Private Interest Factors Favor Transfer.

### A. The Proof in This Case Will Primarily Be Located in the Western District of Tennessee.

The vast majority of likely proof in this case is located at AutoZone's headquarters in Memphis, and none is in Texas. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345. All of AutoZone's corporate documents related to the Main Site and the Mobile Site are located in the Western District of Tennessee. (Srinivasan Decl. ¶ 6.) "Keeping this case in the Eastern District of Texas will impose a significant and unnecessary burden on [AutoZone] to transport documents that would not be incurred if the case were to proceed in the [Western District of Tennessee]." *Genentech*, 566 F.3d at 1346.

Furthermore, any documents located in California or Ontario "will need to be transported in any event," with only a slight difference in cost in transporting them to Memphis. *Id.* EMG

likely has no relevant documents or sources of proof in Texas, and to the extent EMG has moved any documents from California to Texas to support venue in this litigation, that fact has little bearing on transfer. *See In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336-7 (Fed. Cir. 2009) ("[T]he assertion that these documents are 'Texas' documents is a fiction which appears to have been created to manipulate the propriety of venue."). The centralization of proof in the Western District of Tennessee weighs heavily in favor of transfer to that District.

      B.     <u>The Ability to Secure Witnesses Attendance Is Neutral.</u>

AutoZone is unaware at this time of the identity of any non-party witnesses located in either the Eastern District of Texas or the Western District of Tennessee, and thus the availability of compulsory service of process is neutral in this case.

      C.     <u>The Western District of Tennessee Is a More Convenient Forum for Most of the Likely Witnesses.</u>

The fact that numerous material witnesses are located in Memphis, and none are located in Texas, weighs strongly in favor of transfer to the Western District of Tennessee. The "convenience for and cost of attendance of witnesses" is an "important factor" in determining whether to transfer a case. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citing *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006) ("The convenience of the witnesses is probably the single most important fact in transfer analysis.")). The Fifth Circuit has established the "100-mile rule," which provides that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 317. Regardless, where "a substantial number of material witnesses reside within the transferee venue . . . , and no

witnesses reside within the Eastern District of Texas," it is clear error to not weigh this factor "substantially in favor of transfer." *Genentech*, 566 F.3d at 1345.

The majority of AutoZone's witnesses are located in Memphis, Tennessee, and thus the convenience and cost of witness attendance is obviously much less if the proceedings go forward in the Western District of Tennessee than in the Eastern District of Texas. Conversely, no witnesses are located within the Eastern District of Texas. For those individuals residing in Ontario who might be witnesses, notwithstanding they "will be traveling a great distance no matter which venue the case is tried in," *Genentech*, 566 F.3d at 1345, Memphis is approximately 600 miles closer to Ontario than is Tyler, Texas. Similarly, as to those witnesses who may reside in southern California, the 1500-mile trip to Tyler would be increased by only 250 miles upon transfer to Memphis. Because transfer to the Western District of Tennessee would be vastly more convenient and inexpensive for the majority of witnesses in this case, and only a slightly further distance for those who would already be required to travel, this factor weighs strongly in favor of transfer.

D.    Consideration of Practical Matters Is Neutral in This Case.

Finally, the practical considerations of ease, expense, and expeditiousness likewise do not weigh against transfer. This factor "serves as a catchall for concerns that may weigh for or against transfer." *Adaptix, Inc. v. HTC Corp.*, No. 6:12-cv-121, 2013 U.S. Dist. LEXIS 44265, at *20 (E.D. Tex. Mar. 28, 2013). "For example, transfer is disfavored when the issue is raised late in the case." *Id.* (citing *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 U.S. Dist. LEXIS 24748, at *21-24 (E.D. Tex. Mar. 23, 2009)). This case is in its infancy, and thus transfer would raise no efficiency concerns. Another relevant consideration falling within this factor is judicial economy. *Id.* at *21. Though EMG has initiated other

lawsuits in this District regarding the same patent-in-suit, those matters were, until recently, presided over by Judge Davis. *See* General Order Regarding Pending Case Transfer, Doc. No. 65, *EMG Tech., LLC v. Chrysler Group, LLC*, No. 6:12-cv-00259-MHS (E.D. Tex. Jan. 15, 2013). The transfer of these matters to this Court removes any benefits in judicial economy arising from Judge Davis's familiarity with the '196 patent or the relevant technology. *See, e.g.*, *Innovative Global Sys. LLC v. OnStar, LLC*, No. 6:10-cv-574, 2012 U.S. Dist. LEXIS 114505, at *20 (E.D. Tex. Feb. 14, 2012) ("A co-pending suit in its infancy, however, does not increase the Court's familiarity with the patents-in-suit and therefore does not implicate judicial economy.") (citations omitted). These practical considerations are neutral in the transfer analysis.

## II. The Public Interest Factors Favor Transfer.

### A. Court Congestion Is Neutral.

The relative congestion of the transferor and transferee Courts should not impact the transfer analysis: the median time for disposition of civil cases in the Eastern District of Texas is 10 months, whereas it is 11.1 months in the Western District of Tennessee, and for cases going to trial, the median times are 26.2 months and 26.6 months, respectively. (Christoff Decl. ¶ 5 & Exhibit 3 thereto.) The Eastern District of Texas and the Western District of Tennessee experience similar levels of docket congestion, and this factor does not impede transfer.

### B. Local Interests Favor Transfer.

The Western District of Tennessee has a considerable local interest in this case. "While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that give rise to a suit, this factor should be weighed in that venue's favor." *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (citing *In re Hoffman-La Roche Inc.*, 587 F.3d

1333, 1338 (Fed. Cir. 2009)). A transferee district's local interest in a dispute is "strong" where a "cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community." *Hoffman-La Roche*, 587 F.3d at 1336. AutoZone's headquarters are located in the Western District of Tennessee, as are all of its employees who worked on the development of the Main Site and Mobile Site. (Srinivasan Decl. ¶¶ 3, 7.) The Western District of Tennessee's significant connections with this lawsuit render transfer appropriate.

In contrast, the Eastern District of Texas has no corresponding interest in this dispute. Neither of the parties is located in the Eastern District, or even in Texas. The '196 Patent was not conceived or designed in Texas, and none of its inventors reside here. (*See* '196 Patent (Doc. No. 1-2), at 1.) Where the alleged infringement occurs "throughout the United States," "the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). In contrast to the Eastern District of Texas, where the local interests are the same as would exist in any district in the country, the Western District of Tennessee has a meaningful, substantial, and unique interest in the case. Those local interests weigh in favor of transfer.

      C.    <u>Both Fora Are Equally Familiar with the Applicable Law.</u>

Both the Eastern District of Texas and the Western District of Tennessee participate in the United States Courts' patent pilot program and are very familiar with the applicable laws. (Christoff Decl. ¶ 6 & Exhibit 4 thereto.) The Courts' familiarity with the governing law is a neutral factor.

D.  Conflict-of-Law Issues Do Not Exist in Either Forum.

"Given that Federal patent laws are statutory and substantive decisions under these laws are reviewed by the Federal Circuit in all districts, there is no possibility of a conflict of law issue." *See, e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448, 2010 U.S. Dist. LEXIS 69536, at *36-37 (E.D. Tex. July 13, 2010) (citing *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 738 (E.D. Tex. 2005)). This factor is also neutral.

In summary, three factors weigh strongly in favor of transfer, and the rest are neutral, compelling the conclusion that the Western District of Tennessee is the clearly more convenient venue for this dispute. "'[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.'" *In re Biosearch Techs., Inc.*, 452 F. App'x 986, 989 (Fed. Cir. 2011) (quoting *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009)). This case presents the kind of "stark contrast in relevance, convenience, and fairness between the two venues" that mandates transfer. *In re Biosearch Techs., Inc.*, 452 F. App'x 986, 989 (Fed. Cir. 2011) (quoting *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)). The interests of expediency, efficiency, and justice are best served by transfer to the Western District of Tennessee.

## CONCLUSION

For the foregoing reasons, AutoZone respectfully requests that the Court transfer this action to the Western District of Tennessee. A proposed order is attached.

Respectfully Submitted,

By: /s/ *Darby V. Doan*
Darby Vincent Doan
Texas Bar No. 00793622
Shawn Alexander Latchford
Texas Bar No. 24066603
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: ddoan@haltomdoan.com
slatchford@haltomdoan.com

Terry L. Clark (VA BPR # 34640)
BASS, BERRY & SIMS PLC
1201 Pennsylvania Avenue, Suite 501
Washington, DC 20004
Telephone: (202) 827-2951
Facsimile: (202) 478-0798
Email: tclark@bassberry.com

John S. Golwen (TN BPR # 014324)
Annie T. Christoff (TN BPR # 26241)
BASS, BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, TN 38103-3672
Telephone: (901) 543-5900
Facsimile: (901) 543-5999
Email: jgolwen@bassberry.com
achristoff@bassberry.com

**ATTORNEYS FOR DEFENDANT AUTOZONE, INC.**

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that on May 22, 2013, the undersigned complied with the meet and confer requirement in Local Rule CV-7(h) by discussing the relief sought with counsel for Plaintiff, Charles Ainsworth. Mr. Ainsworth indicated that Plaintiff is opposed to the relief sought. Accordingly, no agreement between the parties could be reached, and Plaintiff opposes this motion.

/s/ *Darby V. Doan*
Darby V. Doan

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 29, 2013, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties receiving electronic notice.

/s/ *Darby V. Doan*
Darby V. Doan